1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY EUGENE GOLDEN,                )   Case No. 1:11-cv-01170 LJO JLT (PC)
                                           )
12              Plaintiff,                 )   ORDER DISMISSING COMPLAINT WITH
                                           )   LEAVE TO AMEND
13        vs.                              )
                                           )   (Doc. 1)
14   M. CATES, et al.,                     )
                                           )
15              Defendant.                 )
                                           )
16   _____      )

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's complaint filed on July 15, 2011.

19   **I.    SCREENING REQUIREMENT**

20        The Court is required to review a case in which a prisoner seeks redress from a governmental

21   entity or officer.  28 U.S.C. § 1915A(a).  The Court must review the complaint and dismiss any portion

22   thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

23   monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  If the Court

24   determines the complaint fails to state a claim, leave to amend should be granted to the extent that the

25   deficiencies can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

26        The Civil Rights Act under which this action was filed provides a cause of action against any

27   "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United

28   States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

1

immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C. § 1983.  To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived him of a constitutional or federal right, and (2) the defendant acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  In other words, there must be an actual causal connection between the actions of each defendant and the alleged deprivation.  See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Nevertheless, a plaintiff's obligation to provide the grounds of entitlement to relief under Rule 8(a)(2) requires more than "naked assertions," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action."  Twombly, 550 U.S. at 555-57.  The complaint "must contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570) (emphasis added).

**II.      THE COMPLAINT**

Plaintiff alleges that he has been denied a Kosher meal and has been required to work on the sabbeth.  (Doc. 1 at 3) Though he concludes that the Defendants acted with deliberate indifference, he fails to state any facts that explain the situation or support his conclusions.

**III.     DISCUSSION**

**A.      First Amendment Free Exercise/RLUIPA**

The First Amendment of the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I. "Inmates clearly retain protections afforded by the First Amendment . . . including its directive

2

that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974); Cruz v. Beto, 405 U.S. 319 (1972)). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)). "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997). Plaintiff must show that his practice is both "'sincerely held'" and "'rooted in religious belief.'" Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008) (quoting Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)).

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the
> government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If Plaintiff meets his burden, defendants must demonstrate that "any substantial burden of Plaintiff's exercise of his religious beliefs is both in furtherance of a compelling governmental interest and the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

As noted above, Plaintiff fails to provide any factual detail that would set forth the "who, what when where and how" of the events at issue such to state a claim. Iqbal, 129 S. Ct. at 1949. Thus, Plaintiff's complaint must be dismissed.[1]

---

[1] In addition, it appears that Plaintiff is seeking to impose liability on the Litigation Coordinator. However, he provides no facts to suggest how he claims that this person violated his constitutional rights. In any event, he is advised that, "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see

1 **B.      Eleventh Amendment Immunity**

2          The Eleventh Amendment prohibits federal courts from hearing suits brought against an

3 unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).

4 It bars suits against state agencies as well as those where the state itself is named as a defendant. See

5 Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th

6 Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding

7 that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity);

8 Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989). The immunity

9 applies whether the relief sought is money damages or injunctive relief.  Pennhurst State School & Hosp.

10 v. Halderman, 465 U.S. 89, 100 (1984); Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher

11 Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its

12 agencies for all types of relief, absent unequivocal consent by the state.").  It applies also in actions

13 brought against an officer of the state in his official capacity.  Id.

14          Here, Plaintiff names every Defendant in their official capacities.  (Doc. 1 at 3) Thus, the action

15 in this regard cannot stand and is barred by the Eleventh Amendment.  Thus, the Court **DISMISSES** the

16 claims against all of the Defendants in their official capacities.

17 **C.      Leave to Amend**

18          The Court will therefore provide Plaintiff an opportunity to amend his pleadings to cure the

19 deficiencies noted in this order.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro

20 se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the

21 deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

22          Plaintiff's amended complaint "must simply 'give the defendant fair notice of what the plaintiff's

23 claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002)

24 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiff's complaint must give Defendants' a fair

25

26 also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement
to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

27 confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to
a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.

28 Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Thus, Plaintiff does not have a protected liberty
interest in the prison grievance/administrative appeals procedure and therefore has no claim under section 1983 when appeals
coordinators ignore or delay their responses to Plaintiff's administrative appeals.

4

opportunity to frame their defenses. Plaintiff's amended complaint must clearly state individually for each Defendant 1) who that Defendant is; 2) what that Defendant did; 3) what right that Defendant violated; and 4) how that Defendant's actions violated that right. Defendants are not sued collectively and each Defendant is only liable for the injuries that his/her own actions cause.  See <u>Leer v. Murphy</u>, 844 F.2d at 633 ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") Thus, Plaintiff must specifically allege the link between each individual defendant and the alleged constitutional violation(s).

Plaintiff is cautioned that in his amended complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  See <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived."  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted)

**IV.    CONCLUSION**

Accordingly, it is **HEREBY ORDERED** that:

1.    Plaintiff's complaint is **DISMISSED**;

2.    Plaintiff is granted 21 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

3.    The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

///

///

///

1     4.     Plaintiff is firmly cautioned that failure to comply with this order will result in a

2            recommendation that this action be dismissed.

3

4   IT IS SO ORDERED.

5   Dated:   **March 8, 2012**                                        **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28