UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY EUGENE GOLDEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. CATES, et al.,<br><br>　　　　Defendants. | )  Case No.: 1:11-cv-01170 LJO JLT<br>)<br>)  FINDINGS AND RECOMMENDATION<br>)  DISMISSING THE ACTION FOR FAILURE TO<br>)  PROSECUTE<br>)<br>)<br>)<br>)<br>) |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  On March 8, 2012, the Court dismissed Plaintiff's complaint but granted him 21 days to file an amended complaint.  (Doc. 9) Despite the passage of more than a month since that time, Plaintiff has failed to file his amended complaint.

I.　**Discussion and Analysis**

　　　　"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply

1

with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; see also Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The Court cannot, hold the case in abeyance based upon Plaintiff's failure to prosecute this action. Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

In its March 8, 2011 order, the Court warned, "Plaintiff is firmly cautioned that failure to comply with this order will result in a recommendation that this action be dismissed." (Doc. 9 at 6) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order, and this satisfies the requirement that the Court consider less drastic measures than dismissal of the action. Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424. Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

II.     **Findings and Recommendations**

Plaintiff has failed to prosecute his case, comply with the Court's orders, and follow the requirements of the Local Rules in this action. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter.

///

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITHOUT PREJUDICE**; and

2. The Clerk of Court be directed to close this action because this order terminates the action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 11, 2012**              /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

3